NOT FOR PUBLICATION                                                              [2]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| H.G, *an infant, individually* | : | Civil Action No. 05-4220 (FLW) |
| *and by her parents and* | : | |
| *legal guardians*, P.G. & V.G., | : | |
| Plaintiffs, | : | **AMENDED OPINION** |
| | : | |
| v. | : | |
| | : | |
| Audubon Board of Education, | : | |
| Defendant. | : | |

**APPEARANCES:**

For Plaintiff:
JAMIE EPSTEIN, ESQ.
1101 ROUTE 70 WEST
CHERRY HILL, NJ 08002

For Defendant:
JAMES F. SCHWERIN, ESQ.
PARKER MCCAY, PA
BUILDING FOUR EAST
1009 LENOX DRIVE, SUITE 102A
LAWRENCEVILLE, NJ 08648

**WOLFSON, United States District Judge**

Plaintiff H.G is a student in the Audubon, New Jersey school district. H.G. and her parents, P.G. and V.G. (collectively "Plaintiffs"), filed a due process petition with the Office of Administrative Law seeking accommodations for H.G.'s alleged disability. The Administrative Law Judge dismissed the petition without prejudice because H.G.'s parents had not allowed the

district to have H.G. evaluated.  This action is Plaintiffs' appeal of that dismissal, which they contend was in error.  Defendant Audubon Board of Education ("ABE" or "Defendant") has filed a motion for summary judgment.  They argue that a failure to make a student seeking accommodations available for evaluation is proper grounds for dismissal and that this Complaint is premature because Plaintiffs have failed to exhaust their administrative remedies since the ALJ's dismissal was without prejudice.  This Court has jurisdiction pursuant to 20 U.S.C.A. § 1415(i)(2)(A), which allows any party who has been "aggrieved by the findings" of IDEA administrative procedures "the right to bring a civil action ... in a district court of the United States, without regard to the amount in controversy."  20 U.S.C. § 1415(i)(2)(A). For the reasons set forth below, Defendant's motion is denied without prejudice.

I.   BACKGROUND

Plaintiff H.G. is a school aged child and a student in the Audubon, New Jersey school district.  Compl. ¶ 5; Def.'s Statement of Material Facts ¶ 1.  Defendant ABE is a local educational agency under the Individuals with Disability Education Act ("IDEA"), and is responsible for providing a Free Appropriate Public Education ("FAPE") to eligible students within the Audubon school district ("the district").  Id. ¶ 2.  During the 2004-05 school year, H.G. attended seventh grade in the district.  P.G., V.G., H.G. v. Audubon Board of Education, Decision, OAL DKT. NO. EDS 4668-05, at 1.  She was not classified as eligible for IDEA services during that period.  Id.   P.G. and V.G., H.G.'s parents, sought to have H.G. ruled eligible for IDEA services, and on May 9, 2005, they and the ABE agreed that H.G. required an evaluation in order to determine H.G.'s eligibility. Schwerin Aff. ¶ 4; P.G., V.G., H.G. v. Audubon Board of Education, Decision, OAL DKT. NO. EDS 4668-05, at 1. V.G., H.G.'s

mother, signed a form consenting to ABE's evaluation of H.G.  Id.; Schwerin Aff. ¶ 4; Def.'s Statement of Material Facts ¶ 4.  However, H.G. has never been made available for said evaluation.  Id. ¶ 5; Schwerin Aff. ¶ 4.  As a result, ABE has never evaluated H.G.  P.G., V.G., H.G. v. Audubon Board of Education, Decision, OAL DKT. NO. EDS 4668-05, at 1.

On June 30, 2005, H.G., P.G. and V.G. filed a due process petition with the Office of Administrative Law ("OAL") seeking accommodations for her alleged disability.  Id. ¶ 5; Def.'s Statement of Material Facts ¶ 6; Compl. ¶ 10; P.G., V.G., H.G. v. Audubon Board of Education, Decision, OAL DKT. NO. EDS 4668-05, at 1.  ABE filed a motion to dismiss the petition and represented through its attorney that it had made repeated attempts to have H.G. evaluated but that H.G.'s parents had not made her available to be evaluated.  Id. at 1-2.  During a conference call held on July 12, 2005, Jamie Epstein, Plaintiffs' attorney, "effectively conceded [to ALJ Solomon A. Metzger] that his clients would not cooperate with these evaluations" but "maintained that the district forfeited any right to evaluate H.G. when it failed over past years to take note of her underperformance, that independent evaluations were performed which confirm that she should be classified, and that petitioners were ready to proceed the following day."  Id. at 2.  Relying upon Patricia P. V. Board of Education, 203 F.3d 462 (7th Cir. 2000) for the proposition that a "school district must have an opportunity to evaluate a child," the ALJ dismissed the petition without prejudice in order to allow for an evaluation of H.G. and to ensure that "federal guidelines requir[ing] hearings to follow expeditiously from filings" would not be violated.  Id. at 2.

On August 24, 2005, Plaintiffs filed the instant Complaint appealing the ALJ's decision and seeking attorneys fees and costs from Defendant pursuant to the IDEA and Section 504 of

3

the Rehabilitation Act of 1973, codified at 29 U.S.C. § 794(a).  Compl., Counts I and II, ¶¶ 13-20.  Defendants filed the instant motion for summary judgment on October 14, 2005.

## II.	DISCUSSION

### A. Standard

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To avoid summary judgment the non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324.  A genuine issue of material fact is one that will permit a reasonable jury to return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In evaluating the evidence, the Court must "view the inferences to be drawn from the underlying facts in the light most favorable to the [nonmoving] party." Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002) (quoting Bartnicki v. Vopper, 200 F.3d 109, 114 (3d Cir. 1999)).  Conclusory allegations do not meet the non-moving party's duty to set forth specific facts showing that a genuine issue of material fact exists and a reasonable factfinder could rule in its favor.  Ridgewood Bd. of Ed. v. Stokley, 172 F.3d 238, 252 (3d Cir. 1999).

In an IDEA case, this Court is required to give the factual findings of the administrative law judge a "modified version of de novo review." L.E. v. Ramsey Bd. of Educ., 435 F.3d 384, 389 (3d Cir. 2006). Under this standard, the Court gives "due weight" to the determinations of

the administrative law judge. Board of Educ. of Hendrick Hudson Central School Dist., Westchester County v. Rowley, 458 U.S. 176, 206 (1982). However, the Court is not required to accept the findings of the administrative law judge, Carlisle Area School v. Scott P. By and Through Bess P., 62 F.3d 520, 529 (3d Cir.1995), as long as the Court "fully explain[s] its reasons for departing from the state decision," S.H. v. State-Operated School Dist. of City of Newark, 336 F.3d 260, 271 (3d Cir. 2003).

### B. The IDEA

The Individuals with Disabilities Education Act ("IDEA") is the vehicle created by Congress that obliges states in receipt of federal funding under the statute to provide a free and appropriate education ("FAPE") to all children with disabilities. 20 U.S.C. § 1412(a)(1)(A). New Jersey has enacted regulations designed to implement the IDEA. The IDEA instructs states to develop a detailed instructional plan, known as an IEP, for every disabled child. 20 U.S.C. § 1412(a)(4). When a parent believes a school district has not provided their child with a FAPE as required under IDEA, he or she may request a due process hearing or a mediation conference. See Lascari v. Bd. of Educ., 116 N.J. 30, 36, 560 A.2d 1180 (1989).

### C. Evaluation of H.G. and Exhaustion of Administrative Remedies

In its motion for summary judgment, Defendant argues that H.G.'s parents' failure to allow her to be evaluated by the district defeats Plaintiffs' claims under the IDEA and Rehabilitation Act. The record shows that the District received permission to evaluate H.G. but that H.G. was never made available for evaluation. Defendant cites to several cases that hold that if parents want their children to receive accommodations under the IDEA, they must allow school districts to evaluate their children. See Patricia P. v. Board of Educ. of Oak Park, 203 F.3d

462, 469 (7th Cir. 2000) ("[W]e hold that parents who, because of their failure to cooperate, do not allow a school district a reasonable opportunity to evaluate their disabled child, forfeit their claim for reimbursement for a unilateral private placement."); Dubois v. Connecticut State Bd. of Educ., 727 F.2d 44, 48 (2d Cir.1984) ("Before a school system becomes liable under [the IDEA] for special placement of a student, it is entitled to up-to-date evaluative data."); Gregory K. v. Longview School Dist., 811 F.2d 1307, 1315 (9th Cir.1987) ("If the parents want Gregory to receive special education under the Act, they are obliged to permit" the District to reassess him once every three years. ).

      N.J.A.C. § 6A:14-3.4 provides that if a school district has determined that it wishes to have a student evaluated and the students' parents have consented to this initial evaluation, the evaluation, determination of eligibility for services, and, if eligible, development and implementation of the IEP for the student, shall be completed within ninety calendar days. According to the New Jersey Department of Education's proposed N.J.A.C. § 6A:14-3.4, if a parent repeatedly fails or refuses to produce the child for an evaluation to which consent has been provided, the ninety day time period shall not apply. Therefore, the proposed rule is consistent with the cases holding that school districts should have an opportunity to evaluate students seeking IDEA accommodations. This Court agrees with this line of thinking employed by the New Jersey Department of Education and the cases cited by Defendant. Thus, the Court agrees with Defendant that since H.G.'s parents wanted her to receive special education accommodations under the IDEA, they were required to allow the District to evaluate H.G. The

6

question, however, whether the petition should have been dismissed[1], or whether the ALJ should have ordered an evaluation or other relief, is not adequately briefed, and Defendant's motion for summary judgment is premature.

The parties also disagree as to the effect of the dismissal. Defendant contends that because the ALJ's dismissal was without prejudice, the instant Complaint is premature. As support for this contention, Defendant cites Mitchell v. Horn, 318 F.3d 523, 528-29 (3d Cir. 2003). In Mitchell, the district court sua sponte dismissed the conditions of confinement claim filed by the plaintiff, a prisoner, because the plaintiff had failed to exhaust his administrative remedies by not filing a prison grievance. Mitchell, 318 F.3d at 529. The Third Circuit reversed because the district court did not consider Mitchell's allegations that he was denied grievance forms and because a failure to exhaust is not a permissible basis for sua sponte dismissal. Id. Based upon my reading of Mitchell, this Court finds no support for Defendant's liberal interpretation thereof. Furthermore, according to the plain language of ALJ Metzger's Opinion, his "decision is final pursuant to 20 U.S.C.A. § 1415(i)(1)(A) and 34 C.F.R. § 300.510 (2004) and is appealable by filing a complaint and bringing a civil action either in the Law Division of the Superior Court of New Jersey or in a district court of the United States." P.G., V.G., H.G. v. Audubon Board of Education, Decision, OAL DKT. NO. EDS 4668-05, at 3. Therefore, there is nothing to suggest that Plaintiffs have failed to exhaust their administrative remedies or that this Complaint is premature.

Defendant also argues that it is entitled to summary judgment on the Rehabilitation Act

---

[1]ALJ Metzger noted in his decision that dismissal was appropriate because, inter alia, federal regulations required him to decide the matter expeditiously. P.G., V.G., H.G. v. Audubon Board of Education, Decision, OAL DKT. NO. EDS 4668-05, at 3.

7

claim because such a claim "requires a showing of discrimination due to handicap." Def.'s Moving Br. at 9. This argument fails because the Third Circuit has held that "the failure to provide a free appropriate public education ... could violate § 504." <u>Ridgewood of Educ. v. N.E. ex rel M.E.</u>, 172 F.3d 238, 253 (3d Cir. 1999); <u>W.B. v. Matula</u>, 67 F.3d 484, 492-93 (3d Cir. 1995). Moreover, according to Third Circuit law, a plaintiff can bring a successful Rehabilitation Act claim if she proves that a defendant school district knew or should reasonably be expected to have known of a student's disability. See <u>Ridgewood</u>, 172 F.3d at 253. This is the type of allegation H.G. is making when she contends that the district "failed over past years to take note of [H.G.'s] underperformance" in school. Therefore, Defendant's motion for summary judgment will be denied without prejudice as to both Plaintiff's IDEA claim and her Rehabilitation Act claim. The Court will order that H.G.'s parents allow her to be evaluated by the district within the next forty five (45) days. Since the Court is permitting the case to proceed, it is premature to make a ruling on Plaintiffs' application for fees and costs.

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is denied without prejudice.

S/ Freda L. Wolfson<br>
Honorable Freda L. Wolfson<br>
United States District Judge

Dated: June  15 , 2006