**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
H.G.,                               :
                                    :
              Plaintiff,            :    Civil Action No. 05-4220 (RMB)
                                    :
        v.                          :    **OPINION**
                                    :
AUDUBON BOARD OF EDUCATION,         :
                                    :
              Defendant.            :
_____:

Appearances:

Jamie Epstein, Esquire
1101 Route 70 West
Cherry Hill, New Jersey 08002
          Attorney for Plaintiff

James F. Schwerin, Esquire
Parker McCay, PA
Building Four East
1009 Lenox Drive, Suite 102A
Lawrenceville, New Jersey 08648
          Attorney for Defendant

**BUMB**, United States District Judge:

       This matter comes before the Court upon a motion for summary judgment by Defendant Audubon Board of Education (the "Board"). The Board seeks summary judgment on the grounds that Plaintiff H.G., a student in the Audubon, New Jersey, school district, has failed to exhaust her administrative remedies.

1

The facts of this case are set forth in an Amended Opinion and Order entered June 15, 2006, by the Honorable Freda L. Wolfson and they will not be repeated here. In sum, Judge Wolfson denied Defendant's motion for summary judgment and ordered that H.G.'s parents allow H.G. to be evaluated by the school district within 45 days of the Order.

Prior to the entry of Judge Wolfson's Order, however, on May 17, 2006, Plaintiff re-filed a due process petition (the "Re-filed Petition") with the New Jersey Office of Special Education asking for review of the 2004-05 school year, which had been the subject of the matter before Judge Wolfson, as well as the 2005-06 school year. Presumably, Judge Wolfson was not aware of this fact.

The day after Judge Wolfson entered her Amended Opinion and Order, counsel for H.G. informed Judge Wolfson by a letter dated December 7, 2005, (an obvious clerical error) that "all evaluations of H.G. outstanding...have been completed." [Docket No. 9] Plaintiff, however, did not dismiss the Re-filed Petition at that time. Indeed, for reasons unknown to this Court, Plaintiff did not dismiss the Re-filed Petition until September 29, 2006, several months later. By letter dated October 12, 2006, counsel for the Board informed the Court that he was attempting, unsuccessfully, to ascertain from Plaintiff's counsel just exactly what Plaintiff's intent was, that is, to pursue her

2

claims relating to the Initial Petition only or to pursue claims for both academic years in the Re-filed Petition. [See Docket No. 16]

On October 19, 2006, Defendant Board filed the within summary judgment motion. Plaintiff opposes Defendant's motion for summary judgment - - and also asks this Court to accept her opposition out of time due to her counsel's significant workload. Under Local Civil Rule 7.1(d)(2), Plaintiff's opposition was due on November 3, 2006. On November 9, 2006, Plaintiff requested an extension of 30 days pursuant to Local Civil Rule 7.1.(2)(5). [Doc. No. 20]. Local Rule 7.1(d)(5) permits the party filing an opposition an extension "not to exceed 14 days." Further, the party must advise his adversary and the Court of her intention to utilize the extension by letter submitted before the date the opposition is due.

Here, Plaintiff could not have invoked Local Rule 7.1(d)(5) because the due date had already passed. Plaintiff's requested 30 day extension was also impermissible under that Rule. Under this same Rule, no other extension "shall be permitted without an Order of the Court," notwithstanding any agreement between the parties. L. Civ. R. 7.1(d)(5). Plaintiff never sought and never received such an Order.

On January 10, 2007, Plaintiff filed her opposition 68 days after it was originally due. Because this Court finds that

3

Defendant has not been prejudiced by this very late filing, however, it will permit the late filing.

As to the merits of the summary judgment motion, Defendant contends that the Re-filed Petition rendered moot the initial due process petition (the "Initial Petition"), and because the Re-filed Petition was voluntarily dismissed, Plaintiff has failed to exhaust her administrative remedies. The Defendant, however, cites no legal authority to support its position that a second filing, which is then withdrawn, moots an initial filing that has not been withdrawn; the Plaintiff has not responded to this argument. Although it appears to this Court the Plaintiff filed the Re-filed Petition to pursue her claims in the event Judge Wolfson had found she had not exhausted her administrative remedies with respect to the Initial Petition, she abandoned the Re-filed Petition after Judge Wolfson's Amended Opinion and Order. Plaintiff "reconsidered the filing of that petition upon further review of the District Court's subsequently rendered decision denying Audubon's motion to dismiss on exhaustive grounds." Epstein Aff. at ¶ 3.

In sum, confusion of this matter appears to arise because of Plaintiff's second filing of a due process petition, the delayed withdrawal of that petition, and the Defendant's inability to ascertain Plaintiff's course of action. Finding no legal authority, however, to support Defendant's position that

the Initial Petition was rendered moot, the Court finds that the Plaintiff has exhausted her administrative remedies as to the Initial Petition only, see also Judge Wolfson's Opinion, at 7, and therefore denies Defendant's motion for summary judgment.

RENEE MARIE BUMB
United States District Judge

Dated: January 19, 2007