**NOT FOR PUBLICATION**                                              [Doc. No. 28]

                        IN THE UNITED STATES DISTRICT COURT
                            FOR THE DISTRICT OF NEW JERSEY

_____ :
                               :
H.G.,                          :
                               :
            Plaintiff,         :   Civil Action No. 05-4220 (RMB)
                               :
      v.                       :   **OPINION & ORDER**
                               :
AUDUBON BOARD OF EDUCATION,    :
                               :
                               :
            Defendant.         :
_____ :

Appearances:

Jamie Epstein, Esquire
1101 Route 70 West
Cherry Hill, New Jersey 08002
        Attorney for Plaintiff

James F. Schwerin, Esquire
Parker McCay, PA
Building Four East
1009 Lenox Drive, Suite 102A
Lawrenceville, New Jersey 08648
        Attorney for Defendant

**BUMB**, United States District Judge:

        This matter comes before the Court upon a motion to remand by Defendant Audubon Board of Education (the "Board"). The Board seeks a remand of this case to the New Jersey Office of Administrative Law to conduct a due process hearing. Plaintiff H.G., a student in the Audubon, New Jersey, School District, has

not opposed the remand.

The facts of this case are set forth in an Amended Opinion and Order entered June 15, 2006, by the Honorable Freda L. Wolfson and they will not be repeated here. [Doc. No. 10]. In sum, Judge Wolfson denied Defendant's first motion for summary judgment without prejudice and ordered that H.G.'s parents allow H.G. to be evaluated by the school district within 45 days of the Order.

Prior to the entry of Judge Wolfson's Order, on May 17, 2006, Plaintiff filed another due process petition with the New Jersey Office of Special Education asking for review of both the 2004-05 school year, which had been the subject of the matter before Judge Wolfson, and the 2005-06 school year. Presumably, Judge Wolfson was not aware of this fact.

The day after Judge Wolfson entered her Amended Opinion and Order, counsel for H.G. informed Judge Wolfson by a letter dated December 7, 2005, (an obvious clerical error) that "all evaluations of H.G. outstanding . . . have been completed." [Docket No. 9]. Plaintiff, however, did not dismiss her second due process petition at that time. Indeed, for reasons unknown to this Court, Plaintiff did not dismiss the re-filed petition until September 29, 2006, several months later.

On October 19, 2006, Defendant Board filed a summary judgment motion before this Court. Plaintiff opposed Defendant's

2

motion for summary judgment.

As to the merits of the summary judgment motion, Defendant argued that the second petition rendered moot the initial due process petition (the "Initial Petition"), and because the second petition was voluntarily dismissed, Plaintiff had failed to exhaust her administrative remedies.  This Court disagreed finding that Plaintiff's Initial Petition was still viable.  Defendants now move to remand.

Contrary to this Court's earlier opinion that Plaintiff had exhausted her administrative remedies, it has now been made clear that that is not the case.  It is now evident that, as a consequence of Judge Wolfson's Opinion and Order that Plaintiff be evaluated, and the parties' compliance with that Order, Plaintiff should exhaust her post-evaluation administrative remedies.  At the time this Court heard the Defendant's motion for summary judgment she had been evaluated but the Defendant Board had neither argued nor set forth any facts that this matter should be remanded because the Plaintiff had failed to exhaust her post-evaluation administrative remedies as to the Initial Petition.  This motion to remand does exactly that.

As set forth in the affidavit of James F. Schwerin, Esquire, the Plaintiff has not concluded her administrative remedies since she has been evaluated.  See Affidavit at ¶¶ 4-5.  "(What remains of the [Office of Administrative Law] proceeding

3

are the allegations in the due process petition that the Board offered neither an appropriate plan under § 504 of the Rehabilitation Act for the 2004-05 school year nor a Free Appropriate Public Education for that same year.")  Plaintiff does not dispute this.  Because the merits of Plaintiff's claims have not been considered in the administrative process, this Court will remand this matter for administrative hearings.  See Jeremy H. V. Mount Lebanon School District, 95 F.3d 272, 281-82, 284 (3d Cir. 1996) ("[T]he administrative process should be allowed an opportunity to address that central issue. A principal purpose of IDEA's administrative procedure is to permit state and local education agencies, in cooperation with the parents or guardian of the child, to take primary responsibility for formulating the education to be accorded a handicapped child . . . ." (internal citation and quotation marks omitted)).

     An accompanying Order will issue this date.


                                          s/Renée Marie Bumb
                                          RENÉE MARIE BUMB
                                          United States District Judge

Dated: March 28, 2007

[Doc. No. 28]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

H.G.,

                Plaintiff,

    v.                              Civil No. 05-4220(RMB)

AUDUBON BOARD OF EDUCATION,       **ORDER**

                Defendant.

       This matter coming before the Court upon a motion to remand the above captioned matter by Defendant Audubon Board of Education; and the Court having read the submissions; and for the reasons stated in the Opinion issued this date,

       IT IS, THEREFORE, on this **28th** day of **March** 2007

       HEREBY **ORDERED** that Defendant's motion to remand the above captioned matter is **GRANTED**; and

       FURTHER **ORDERED** that the Clerk is directed to close the file.

                                      s/Renée Marie Bumb
                                      RENÉE MARIE BUMB
                                      United States District Judge